IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KIM HALLORAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-cv-01028-DGK |
| | ) | |
| HOULIHAN'S RESTAURANTS, INC., | ) | |
| BRIAN BARNES, and | ) | |
| COREY LEE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO REMAND

This lawsuit arises out of Plaintiff Kim Halloran's employment at the Bristol Restaurant in Kansas City. Halloran brings three claims under the Missouri Human Rights Act ("MHRA") alleging that Defendants engaged in sex discrimination, retaliation, and constructive discharge. Defendants removed this case from the Circuit Court of Jackson County, Missouri on the grounds that Defendant Corey Lee, a Missouri resident, was fraudulently joined to this lawsuit in order to prevent removal.

Now before the Court is Lee's Motion to Dismiss (doc. 4) and Plaintiff's Motion to Remand (doc. 8). Lee, the sole Missouri resident among the Defendants, contends that Plaintiff has failed to allege any facts in her Complaint from which the Court can infer that she is an "employer" within the meaning of the MHRA and thus subject to individual liability. Consequently, Lee argues she should be dismissed from the lawsuit and that the motion to remand should be denied. Plaintiff responds that Lee is not fraudulently joined because she is liable under the plain language of the statute, and that in any event, Defendants have waived any claim that the retaliation claim is fraudulently joined.

Finding that Plaintiff has not alleged facts from which the Court could find Lee is an "employer" under the statute, the Motion to Dismiss is GRANTED and the Motion to Remand is DENIED.

**Standard of Review**

**A.     Motion to dismiss.**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**A.     Motion to remand.**

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). To invoke the court's diversity jurisdiction

the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The burden of establishing federal jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

"Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litigation*, 618 F.Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent if "there exists no reasonable basis in fact and law supporting a claim against the resident defendant." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citations omitted). The removing party bears the burden of proving the alleged fraud, and "[t]his burden is substantial." *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

**Factual Background**

The Petition asserts three claims against Lee under the MHRA, sex discrimination, retaliation, and constructive discharge. The Petition alleges Lee was employed by Houlihan's at its Bristol Restaurant in Kansas City, Missouri and "acted directly in the interests of defendant Houlihan's." The Petition also asserts that after Plaintiff complained to a Houlihan's vice-president about an alleged romantic relationship between Lee and Co-Defendant Brian Barnes, a general manager at the restaurant, Lee and Barnes began to ostracize her. The Petition does not

allege that Lee exercised any supervisory power over Plaintiff or any other Bristol Restaurant employee.

## Discussion

**A.     Lee is not individually liable under the MHRA.**

The MHRA provides in relevant part that it is unlawful "for an *employer* . . . to discriminate against any individual . . . because of such individual's race, color, religion, national origin, sex, ancestry, age or disability." Mo. Rev. Stat. § 213.055.1 (emphasis added). "The term 'employer' includes 'any person employing six or more persons within the state and any person *directly acting in the interest of an employer* . . .'" Mo. Rev. Stat. § 213.00(7) (emphasis added). While a supervisory employee falls within the meaning of "employer" under the MHRA, *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009), courts have consistently refused to extend liability under the law to employees not acting in a supervisory role. *Trickey v. Kaman Indus. Tech.* Corp., No. 1:09cv26 SNLJ, 2009 WL 1974759, at *2 (E.D. Mo. July 7, 2009) ("The case law is clear that [a defendant] can only be individually liable under the MHRA if he was acting in a supervisory capacity."). No court has found an ordinary coworker to be an employer under the MHRA.

In the present case, Plaintiff has failed to plead any facts from which the Court could reasonably infer that Lee had any supervisory authority over the Plaintiff. As alleged in the Petition, the facts suggest that Lee was Plaintiff's peer, nothing more. Consequently, Lee cannot be individually liable under the MHRA and thus should be dismissed from the lawsuit.

**B.     Lee was fraudulently joined to this lawsuit.**

The Court finds Defendants have carried their burden of proving fraudulent joinder. Although Plaintiff argues a Missouri state court *might* impose liability on Lee under the MHRA

4

in this case, there is no support in the caselaw for this proposition. While no Missouri state court has held that *only* a supervisory employee can be considered an employer under the MHRA—leaving a possibility that a court could find a coworker liable for exercising some supervisory authority over another coworker—that does not mean the MHRA applies to Lee on the facts of this case. Lee did not have any supervisory role here and thus cannot be individually liable under the MHRA. Consequently, the Court finds there is no reasonable basis in fact or law supporting a claim against Lee, and that the only possible reason Plaintiff had for naming Lee as a defendant was to destroy diversity and prevent removal.

Plaintiff's also suggests that Defendants waived any argument for fraudulent joinder with respect to Plaintiff's retaliation claim because Defendants' notice of removal did not explicitly cite to Mo. Rev. Stat. § 213.070 (the retaliation portion of the statute). The Court finds no merit to this argument. Defendants' notice of removal expressly states that Plaintiff is asserting three claims under the MHRA: discrimination, retaliation, and constructive discharge. It also references pages five through seven of the Petition which include the retaliation claim. Thus, it is clear to the Court that Defendants' notice of removal includes an argument that Lee was fraudulently joined to all the claims in this case.

## Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss (doc. 4) is GRANTED and Plaintiff's Motion to Remand (doc. 8) is DENIED.

**IT IS SO ORDERED.**

Date: May 11, 2012                                 /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT

5