IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KIM HALLORAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-cv-01028-DGK |
| | ) | |
| HOULIHAN'S RESTAURANTS, INC., and | ) | |
| BRIAN BARNES | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO RECONSIDER

This lawsuit arises out of Plaintiff Kim Halloran's employment at the Bristol Restaurant in Kansas City. Halloran alleges Defendants engaged in sex discrimination, retaliation, and constructive discharge in violation of the Missouri Human Rights Act ("MHRA"). Defendants removed this case from the Circuit Court of Jackson County, Missouri arguing that Plaintiff fraudulently joined Defendant Corey Lee ("Lee"), the sole Missouri resident, in order to prevent removal. After removal, Lee moved to dismiss and Plaintiff moved to remand. On May 11, 2012, the Court granted the motion to dismiss and denied the motion to remand.

Now before the Court is Plaintiff's Motion to Reconsider (Doc. 27) brought pursuant to Federal Rule of Civil Procedure 60(b)(6). Finding that granting the motion will not correct a significant error, the motion is DENIED.

**Standard**

The Federal Rules of Civil Procedure do not include a "motion to reconsider." *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." *Id*.

Rule 60(b) applies to final judgments or orders and may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed. 1995). A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F. Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal Cty., Texas*, 51 F.3d 117, 119 (8th Cir. 1995)).[1] A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has cautioned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

The standard for reconsidering an interlocutory order is less clear. *Vosdingh v. Qwest Dex, Inc.*, No. Civ. 03-4284 ADM/AJB, 2005 WL 1323007, at *1 (D. Minn. June 2, 2005). There is some caselaw suggesting that motions to reconsider "are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) and *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). But a district court has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a final judgment brought under Rule 60(b). *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 n.2

---

[1] Wright, Miller, and Kane argue that a showing of exceptional or extraordinary circumstances is necessary only when a party moves for reconsideration under the catchall clause of Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2857 (2nd ed. 1995). Because the Court is bound by Eighth Circuit precedent, however, it will apply the higher standard to all Rule 60(b) motions.

(W.D. Mo. Jan. 30, 2008) (expressing disagreement with *Elder-Keep*); *Vosdingh,* 2005 WL 1323007, at *1 (observing that "[s]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not."); *see also Laird v. Stilwill*, 982 F. Supp. 1346, 1354 (N.D. Iowa 1997) (holding that a district court's discretion to amend an interlocutory order is greater than its power to amend a final judgment). Of course, a trial court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders.

Accordingly, the Court holds it should reconsider an interlocutory order if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) granting the motion is necessary to correct a significant error. *See Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997) (holding a district court may revisit an earlier decision it believes was reached in error in order to avoid later reversal); *see also Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (noting relief is available under 60(b)(6) when "exceptional circumstances" have denied the moving party a fair opportunity to litigate his claim and receive redress).

**Discussion**

The May 11, 2012 Order did not dispose of all the issues in this case, thus it is a non-final, non-appealable interlocutory order. *Laird*, 982 F. Supp. at 1353-54. Thus, while Plaintiff has titled her motion as a Rule 60(b)(6) motion, she need not establish exceptional circumstances, only that granting the motion will correct a significant error.[2] It will not.

Plaintiff argues the Court erred in finding she fraudulently joined Lee because Count II states a colorable claim against Lee for retaliation under the MHRA. Plaintiff notes § 213.070.2

---

[2] Although Plaintiff has not claimed she did not have a fair opportunity to argue the matter previously, the Court assumes this for the sake of argument.

of the MHRA makes it unlawful "to *retaliate* or *discriminate* in any manner against *any other person* because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter."  Mo. Rev. Stat. § 213.070.2 (emphasis added).  Plaintiff emphasizes that under the MHRA, a retaliation claim can be brought against any individual, not just an employer or a supervisor.

The Court agrees with this description of the law; the text of the statute provides that a retaliation claim can be brought against an individual.  *Id.*; *Klotz v. CorVel Healthcare Corp.*, No. 4:05-CV-1034-CAS, 2005 WL 3008515 (E.D. Mo. Nov. 9, 2005).  To the extent that portion of the Court's May 11, 2012 order was unclear, the Court clarifies that now.[3]

While a non-supervisory employee may be sued for retaliation under the MHRA, Plaintiff's Petition fails to state such a claim against Lee.  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's Petition alleges that: (1) Lee was a "citizen of the State of Missouri and an employee of defendant Houlihan's;" (2) Lee "acted directly in the interests of defendant Houlihan's;" (3) "Lee was employed by defendant Houlihan at its Bristol Restaurant in Kansas City, Missouri;" (4) Plaintiff believed Lee and Defendant Barnes, Bristol's General Manager, were having a romantic relationship; (5) Plaintiff complained about their relationship; and (6) after Plaintiff complained, "Lee and Barnes began to ostracize plaintiff."  (Pet. at ¶¶ 7, 9, 14, 15, 19, 24).

---

[3] What the May 11, 2012 Order discussed at length, and which remains true, is that the Court is unaware of any case where an individual employee who was not a supervisor has been found liable for retaliation under the MHRA.

4

However, "it is well-settled in this circuit that ostracism and rudeness by supervisors and co-workers do not rise to the level of an adverse employment action." *Gagnon v. Sprint Corp.*, 284 F.3d 839, 850 (8th Cir. 2002) (affirming trial court's granting defendant judgment as a matter of law on Title VII and MHRA retaliation claims where plaintiff claimed she had been ostracized). Consequently, there is no reasonable basis in fact and law for a retaliation claim against Lee, and her joinder is fraudulent. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). The Court did not err in finding that Defendants carried their substantial burden of showing Lee was fraudulently joined. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

## Conclusion

Because granting Plaintiff's Motion for Reconsideration (Doc. 27) of the Court's May 11, 2012 interlocutory order will not correct a significant error, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date: February 12, 2013                     /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT